

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD JOSEPH BELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0135-L |
| | § | |
| SHERIFF JIM BOWLES, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Donald Joseph Bell, a former inmate in the Dallas County Jail, against Sheriff Jim Bowles and various jail employees. On December 30, 2004, plaintiff filed a three-page handwritten complaint with the district clerk.[1] However, he did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*. On February 7, 2005, a notice of deficiency was sent to plaintiff at the Dallas County Jail, the return address listed on the envelope in which his complaint was mailed. Plaintiff did not respond to the notice. A second notice of deficiency was mailed to plaintiff at the same address on March 18, 2005. Two weeks later, the

---

[1] Plaintiff originally filed this action in the Houston Division of the Southern District of Texas on December 30, 2004. Thereafter, the case was transferred to the Dallas Division of the Northern District of Texas. *Bell v. Bowles*, No. H-04-4855 (S.D. Tex. Jan. 18, 2005).

unopened envelope containing the notice was returned to the clerk with the notation that plaintiff was no longer in the Dallas County Jail. The court now concludes that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Two deficiency notices were mailed to plaintiff at the Dallas County Jail-- the only address provided to the court. However, plaintiff either has been transferred or released from custody and has not furnished the court with his current address. Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed. Dismissal is clearly warranted under these circumstances. *See Blackmon v. Texas Board of Pardons and Paroles*, 2004 WL 1809746 at *1 (N.D. Tex. Aug. 12, 2004) (Kaplan, M.J.), *rec. adopted*, 2004 WL 2049218 (N.D. Tex. Sept. 3, 2004) (Godbey, J.) (dismissing complaint for failure to provide court with current address).

## **RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

DATED: April 20, 2005.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE